UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHAMPION POWER EQUIPMENT, INC.,

    Plaintiff,

v.

    Case No. 24-cv-1302-pp

HARBOR FREIGHT TOOLS USA, INC.,

    Defendant.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR STAY (DKT. NO. 11), GRANTING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER (DKT. NO. 7) AND DISMISSING CASE**

---

    On October 14, 2024, the plaintiff filed a complaint alleging thirteen claims of patent infringement. Dkt. No. 1. The defendant moved to dismiss or transfer the case. Dkt. No. 7. The defendant argued that days before the plaintiff filed its lawsuit in this district, the *defendant* had filed suit in the Central District of California, seeking a declaration that it had not infringed the same patents the plaintiff claims in this suit that the defendant infringed. Dkt. No. 8. The plaintiff moved to stay this case pending the California court's decision on a motion challenging that court's jurisdiction over the California case. Dkt. No. 11. The Central District of California since has ruled that the first-to-file rule applies; it retained jurisdiction over the case in California because the defendant filed that case before the plaintiff filed this Wisconsin case. Dkt. No. 21-1 at 9. The court will deny as moot the plaintiff's motion for stay and will grant the defendant's motion to dismiss.

1

**I.      Background**

On November 4, 2024, the defendant asked the court to dismiss the Wisconsin case under the first-to-file rule or, in the alternative, to transfer the case to the Central District of California under 28 U.S.C. §1404(a). Dkt. No. 7. The defendant explained that it had filed a case in the Central District of California on October 9, 2024, seeking a declaratory judgment that it had not infringed the plaintiff's patents. Dkt. No. 8 at 7. The defendant stated that the plaintiff filed this "mirror image" case five days later, alleging that the defendant had infringed the same patents at issue in the California declaratory judgment action. Id. at 7–8.

Meanwhile, in the California case, the plaintiff filed a motion to dismiss or transfer that case in favor of the Wisconsin case, arguing that the defendant had engaged in improper forum shopping by filing the case in California and that convenience factors warranted making an exception to the first-to-file rule. Dkt. No. 21-1 at 3, 7. Shortly afterward, the plaintiff filed a motion in this case, asking the court to stay it pending the Central District of California's decision on the plaintiff's motion to dismiss or transfer the California case. Dkt. No. 11.

On February 14, 2025, the defendant filed a notice of supplemental authority, attaching an order from the Central District of California denying the plaintiff's motion to dismiss or transfer that case. Dkt. No. 21. A month later, the defendant filed another notice of supplemental authority stating that the Central District of California had issued an order setting a claim construction hearing in the California case for September 30, 2025. Dkt. No. 22. The defendant again asked that this court grant its motion to dismiss, asserting that discovery is proceeding in the California case in anticipation of the upcoming claim construction hearing. Id. at 2.

## II. The Plaintiff's Motion to Stay (Dkt. No. 11)

In its November 8, 2024 motion to stay and supporting brief, the plaintiff asked this court to stay this case pending the Central District of California's ruling on its motion to dismiss or transfer the California case. Dkt. No. 12 at 1 (citing Harbor Freight Tools USA, Inc. v. Champion Power Equipment, Inc., No. 24-cv-08722, Dkt. No. 23 (C.D. Cal. November 4, 2024)). As the court explained above, on February 13, 2025—after the plaintiff filed the motion to stay in this case—the Central District of California denied the plaintiff's motion to dismiss the case pending in that district. Dkt. No. 21-1; Harbor Freight, No. 24-CV-08722, 2025 WL 819046 (C.D. Cal. Feb. 13, 2025). The court will deny as moot the plaintiff's motion to stay this case.

## III. The Defendant's Motion to Dismiss or in the Alternative to Transfer (Dkt. No. 7)

The defendant argues that this court should dismiss the Wisconsin case because it filed the California case first and the two cases involve the same parties, patents and allegedly infringing products. Dkt. No. 8 at 10. The defendant asserts that both parties are based in California and that several relevant witnesses are in California, arguing that it is more convenient and efficient to litigate the case in California. Id. at 14–15.

The plaintiff opposes the motion, arguing that equitable exceptions to the first-to-file rule require this court to allow the Wisconsin case to proceed. Dkt. No. 14 at 8–9. The plaintiff contends that litigating in this district is more convenient for some witnesses related to the patents at issue and that the defendant filed the California case "prematurely" to secure its preferred forum. Id. at 9–10.

The resolution of first-to-file issues in patent cases is governed by Federal Circuit law. Futurewei Techs., Inc. v. Acacia Rsch. Corp., 737 F.3d

3

704, 708 (Fed. Cir. 2013) ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by this circuit's law."). "In the case of duplicative patent actions, the general rule is that 'the first filed action is preferred, even if it is declaratory, unless consideration of judicial and litigant economy, and the just and effective disposition of disputes requires otherwise.'" Belden Inc. v. Nexans Inc., Case No. 12-CV-01722, 2013 WL 3879011, at *1 (S.D. Ind. July 26, 2013) (quoting Serco Servs. Co., L.P. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995)).

The Central District of California has considered the parties' arguments regarding the first-to-file rule and its exceptions and has determined that California is the proper venue for this patent infringement dispute. Harbor Freight, 2025 WL 819046 at *3–5. The plaintiff concedes that the issues and arguments presented to the California court on the plaintiff's motion to dismiss that case were the same as those the parties have presented to this court. See Dkt. No. 18 at 7–8 ("[t]he Central District's decision to either dismiss or transfer Harbor's anticipatory suit would streamline the issues, mooting this Court's consideration of the convenience and First-to-File issues raised by Harbor's motion to dismiss.").

Because the California court has resolved the first-to-file issue, this Wisconsin case cannot also proceed. Commc'ns Test Design, Inc. v. Contec, LLC, 952 F.3d 1356, 1362 (Fed. Cir. 2020). "Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a later-filed duplicative action." Id. Courts in this circuit favor dismissal under these circumstances. See O2COOL, LLC v. Discovery Commc'ns, LLC, Case No. 12 C 3204, 2013 WL 157703, at *4 (N.D. Ill. Jan. 15, 2013) (dismissing second-filed case that was

4

mirror image of first-filed case); Vanguard Prods. Grp., Inc. v. Protex Int'l Corp., Case No. 05 C 6310, 2006 WL 695700, at *7 (N.D. Ill. Mar. 14, 2006) (same). The court will dismiss this case. Because the court is dismissing the case on first-to-file grounds, it need not address the defendant's other arguments for dismissal or transfer.

## IV. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to stay. Dkt. No. 11.

The court **GRANTS** the defendant's motion to dismiss or in the alternative to transfer. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of April, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**